### Com. ex rel. Smith v. Sheriff of Philadelphia County.

*Prohibition enforcement—Execution of search warrant—Destroying nonintoxicating liquor by mistake—Larceny—Malicious mischief—Habeas corpus.*

A Federal prohibition officer who, in executing a search warrant, under the advice of the United States Attorney that he might lawfully destroy the property which his search warrant authorized him to seize, destroyed a quantity of cereal beverage containing less than one-half of 1 per cent. of alcohol by volume in the erroneous belief that it contained more than one-half of 1 per cent. of alcohol, is not guilty of larceny or malicious mischief, since he had no intention of depriving the owner of his property or of injuring it, and on being arrested and bound over to answer at court upon charges of larceny and malicious mischief, he is entitled to release upon *habeas corpus.*

*Habeas corpus.* Q. S. Phila. Co.

*Samuel P. Rotan,* District Attorney, *Lemuel B. Schofield,* Assistant District Attorney, and *James F. Masterson,* for Commonwealth.

*John C. Bell, Jr.,* and *William N. Trinkle,* for relator.

McCULLEN, J., Feb. 25, 1926.—The relator is a United States officer—an Assistant Prohibition Director—charged with the enforcement of the laws against manufacturing and selling intoxicating liquors. On Dec. 10, 1925, he obtained from the United States Commissioner a search warrant, reciting there was reason to believe that on the premises of the Premier Brewing Company, No. 844 North Orianna Street, Philadelphia, there was concealed "intoxicating cereal beverage containing more than one-half of 1 per cent. of alcohol by volume, which said property was and is possessed, controlled and

Commonwealth ex rel. Smith *v.* Sheriff of Philadelphia County.

used in violation of the National Prohibition Act of Oct. 28, 1919," and authorizing the relator and his assistants to search for the property specified and "to return this warrant within ten days after date, together with a written inventory duly made and verified of the property taken."

Before proceeding to execute the warrant, the relator consulted the United States District Attorney for advice as to the action he was authorized to take. Being impressed with the practical difficulties to be encountered in removing a large quantity of alleged intoxicating beverage, the United States Attorney and his assistants advised the relator that he might lawfully destroy the property which the search warrant authorized him to seize, and this upon the theory that the beverage being held in violation of the law, the brewing company had no property right therein.

The relator thereupon sent his force of assistants to the premises of the brewing company, where they found and seized a large quantity of cereal beverage containing more than one-half of 1 per cent. of alcohol by volume, and where they also found and seized a smaller quantity of cereal beverage containing less than one-half of 1 per cent. of alcohol by volume.

Mistakenly, they assumed the cereal beverages to be alike and to contain more than one-half of 1 per cent. of alcohol, and, acting upon the advice referred to, they proceeded to destroy all the cereal beverage upon the premises; the smaller portion thereof containing less than one-half of 1 per cent. of alcohol by volume and not being in violation of law.

The officers of the brewing company thereupon caused the relator to be arrested and bound over to answer at court, upon the charges of larceny and malicious mischief.

The case has been argued with great earnestness and upon elaborate briefs prepared and submitted by the district attorney and assistant private counsel for the prosecution and by the counsel for the defence.

To constitute larceny, there must be the intent to deprive another of his property, and to establish the offence of malicious mischief, there must be the intent to injure the property of another.

Here the Federal District Attorney advised the relator that, under the law, there was no property right in the brewing company, and that, in advance of formal condemnation by the court, the cereal beverage might be treated as though forfeited and condemned. Acting upon this advice, the relator instructed his assistants to destroy the same.

In Com. *v.* Shaffer, 32 Pa. Superior Ct. 375, Judge Head, in referring to the offence of malicious mischief, said: "This offence, whilst varying somewhat in its minor details owing to the different statutory enactments in different jurisdictions, has from the remotest times been individuated by certain peculiar attributes which must be shown to exist in every case in order to support a conviction. The definitions of it adopted by standard text-writers, and, indeed, its name itself, clearly indicate that malicious intent towards the owner, real or constructive of the property injured, must always be proven. Without such intent, this particular offence does not and cannot exist. Hence, it has ever been held that where the injurious act is done or committed in the exercise or enforcement of what the defendant honestly believes to be his legal right, even though such belief should be a mistaken one, there can be no conviction: Wharton's Criminal Law, §§ 1065 and 1067; Bishop's Criminal Law, §§ 298, 570 and 998; Com. *v.* Drass, 146 Pa. 55. This is but another application of the controlling principle so often announced in cases of larceny, namely, that the intent to steal is the very essence of the offence."

vol. 7—16

Commonwealth ex rel. Smith v. Sheriff of Philadelphia County.

The search warrant neither authorized nor purported to authorize the destruction of any property, and whilst the advice given the relator may be no protection to him in a civil action for damages for any injury to property owned by the company and not violative of law, it countervails any inference of criminal intent and of criminal responsibility upon the part of the relator.

It is not necessary for us to here discuss the impropriety of the advice given the relator. That subject has already been considered and been properly dealt with by the Federal court of this district.

Where, in a hearing upon a writ of *habeas corpus*, it is clearly shown that a conviction could not be sustained, it is the settled rule to discharge the relator. That rule must be our guidance now.

The relator is discharged.